IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

TAMKO BUILDING PRODUCTS, INC., )
a Missouri corporation, )
)
Plaintiff, )
)
v. ) Case No.
)
RAILING DYNAMICS, INC., ) JURY TRIAL DEMANDED
a New Jersey corporation, )
)
Defendant. )

## COMPLAINT

Plaintiff TAMKO Building Products, Inc. ("TAMKO") for its Complaint against defendant Railing Dynamics, Inc. ("RDI") states and alleges as follows:

## INTRODUCTION

TAMKO owns the rights to the mark METALWORKS®, and the METALWORKS mark and design (the "METALWORKS Marks") and has used the METALWORKS Marks in association with deck and railing systems since at least 1997. Like TAMKO, and in competition with TAMKO, RDI also sells deck and railing systems. RDI has no rights to use the METALWORKS Marks in connection with its business and is using the mark RDI METALWORKS in connection with deck and railing systems without the consent of TAMKO. RDI has even filed an application with the United States Patent and Trademark Office in an attempt to register the mark RDI METALWORKS. In this action for trademark infringement, false designation of origin, dilution, misappropriation, and unfair competition, TAMKO seeks damages and injunctive relief preventing RDI from engaging in any further violation of TAMKO's rights.

## THE PARTIES

1. Plaintiff TAMKO is a Missouri corporation in good standing, having its principal place of business at 220 West 4th Street, Joplin, MO 64801.

2. Upon information and belief, defendant RDI is a New Jersey corporation, having its principal place of business in Egg Harbor Township, NJ.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this judicial district.

5. This Court has personal jurisdiction over RDI because, on information and belief, RDI transacts business on a continuous and systematic basis in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### TAMKO and its METALWORKS Marks

6. TAMKO is a leading manufacturer of building products, including deck and railing systems, and markets and distributes deck and railing systems throughout the United States.

7. TAMKO, or its predecessors in interest, have continuously used the METALWORKS Marks in connection with roofing systems, namely deck and railing systems since at least 1997.

8. On May 29, 2007, TAMKO Roofing Products, Inc. registered the mark METALWORKS® used in connection with roofing materials, namely, metal shingles, metal

roofing ridge and hip caps, metal building flashing, metal trim and trim coil for buildings, with the United States Patent and Trademark Office ("USPTO") (Reg. No. 3,246,907), a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by this reference.

9. TAMKO Roofing Products, Inc. assigned the application that became Registration No. 3,246,907 to plaintiff TAMKO and such assignment was duly recorded with the USPTO on June 28, 2006, a true and correct copy of the abstract of title of such assignment is attached hereto as Exhibit B and incorporated herein by this reference.

10. TAMKO's Registration No. 3,246,907 for the METALWORKS® mark is incontestable under 15 U.S.C. § 1065

11. On November 21, 2006, TAMKO Roofing Products, Inc. registered the METALWORKS® design and mark used in connection with metal roofing materials, namely, shingles, ridge and hip caps, flashing, trim and trim coil with the USPTO (Reg. No. 3,174,574), a true and correct copy of which is attached hereto as Exhibit C and incorporated herein by this reference.

12. TAMKO Roofing Products, Inc. assigned the application that became Registration No. 3,174,574 to plaintiff TAMKO and such assignment was duly recorded with the USPTO on June 28, 2006, a true and correct copy of the abstract of title of such assignment is attached hereto as Exhibit D and incorporated herein by this reference.

13. TAMKO's Registration No. 3,174,574 for the METALWORKS® design and mark is incontestable under 15 U.S.C. § 1065.

14. TAMKO has invested considerable time and money establishing proprietary rights in the METALWORKS Marks.

15. TAMKO has grown successfully through the investment of substantial time, money, and effort, in developing substantial goodwill in connection with the METALWORKS Marks.

16. The METALWORKS Marks are famous and distinctive.

### RDI

17. RDI is a competitor of TAMKO and manufactures, markets, and distributes deck and railing systems throughout the United States.

18. RDI has used and is using the METALWORKS marks and/or confusingly similar marks for commercial use in commerce associated with the marketing, sale, offer for sale, and distribution of its goods, including deck and railing systems.

19. As a result, consumers are likely to have been confused and are likely to continue to be confused that RDI's goods are sponsored by, affiliated with, or endorsed by TAMKO.

20. TAMKO has not granted RDI, permission or consent to use the METALWORKS Marks or any variations thereof.

21. The use by RDI of the METALWORKS Marks and/or confusingly similar marks deprives TAMKO of the opportunity to exercise its exclusive right to exploit the substantial goodwill that they have developed in the METALWORKS Marks.

22. As a direct result of use of the METALWORKS Marks and/or confusingly similar marks by RDI, TAMKO has suffered and continue to suffer direct and irreparable harm.

23. The conduct by RDI in adopting and using the METALWORKS Marks and/or confusingly similar marks constitutes trademark infringement, false designation of origin, false advertising, dilution, unfair competition, and misappropriation in violation of state and federal laws.

24. The false designation of origin, infringement, and dilution of the METALWORKS Marks by RDI is willful, wanton, and in disregard of TAMKO's rights and said false designation of origin and infringement continues to the present day causing TAMKO irreparable injury, loss, and damages.

### COUNT I
(Lanham Act - Federal Trademark Infringement)

25. TAMKO incorporates the allegations contained in the preceding paragraphs as though here set forth in full.

26. TAMKO has used the METALWORKS Marks continuously in commerce, since the date of first use in commerce in 1997 and has promoted the METALWORKS Marks in interstate commerce in the advertising, promotion, and presentation of its goods.

27. RDI has used and is currently using the METALWORKS Marks or colorable imitations of the METALWORKS Marks in commerce without TAMKO's permission and such use constitutes infringement of the METALWORKS Marks.

28. The use by RDI of the METALWORKS Marks or colorable imitations of the METALWORKS Marks infringes the METALWORKS Marks and the registrations thereof pursuant to 15 U.S.C. § 1051 et seq., particularly § 1114, in that RDI is using in commerce counterfeit or colorable imitations of TAMKO's registered marks in connection with the sale, offering for sale, distribution, or advertising of RDI's goods.

29. Because of the infringing use by RDI of the METALWORKS Marks or colorable imitations of the METALWORKS Marks, actual confusion is likely to occur or has likely already occurred in the minds of consumers and an appreciable number of consumers are likely to continue to be deceived, confused, or mistaken into thinking that RDI's goods are endorsed by, sponsored by, or somehow affiliated with TAMKO.

30. The actions of RDI are a willful and wanton attempt to obtain the benefits of the goodwill and reputation that TAMKO has established in the METALWORKS Marks.

31. RDI will continue to infringe the METALWORKS Marks unless enjoined by this Court.

32. Pursuant to 15 U.S.C. § 1116(a), TAMKO is entitled to an order enjoining RDI from using the METALWORKS Marks or any colorable imitations thereof.

33. Pursuant to 15 U.S.C. § 1117(a), TAMKO is entitled to recover all profits derived by RDI from its actions, all damages sustained by TAMKO caused by RDI, and the costs of the action.

34. The conduct of RDI alleged herein was intentional and without foundation in law. Pursuant to 15 U.S.C. § 1117(a), this Court should award TAMKO three times its actual damages.

35. The actions of RDI make this an exceptional case under 15 U.S.C. § 1117(a), and TAMKO is entitled to an award of attorneys' fees and costs.

## COUNT II
(Lanham Act – False Designation of Origin)

36. TAMKO incorporates the allegations contained in the preceding paragraphs as though here set forth in full.

37. RDI has used and is using words, terms, names, symbols, devices, combinations thereof, false designations of origin, and false and misleading descriptions and representations of fact in connection with the sale, offer for sale, distribution, and advertising of RDI's goods.

38. The actions of RDI in this regard are likely to cause confusion and mistake and to deceive the public as to the origin, sponsorship, or approval of RDI's goods or the commercial

activities of RDI by TAMKO or as to an apparent affiliation, connection, or association of RDI with TAMKO.

39. The actions of RDI in this regard and the commercial advertising and promotion of RDI's goods by RDI misrepresents the nature, characteristics, and qualities of RDI's goods.

40. In fact, there is no connection, association, or licensing relationship between TAMKO and RDI.

41. TAMKO has not authorized, licensed, or given permission to RDI or to use the METALWORKS Marks or any variation thereof in any manner whatsoever.

42. The actions of RDI will continue to create a false impression concerning the apparent association between TAMKO and RDI, has created, and will continue to create, a false designation of the origin of RDI's goods, and has created, and will continue to create, a likelihood of confusion as to a connection among the respective parties.

43. As a direct and proximate result of the actions of RDI, TAMKO has been damaged and will continue to be damaged.

44. Pursuant to 15 U.S.C. § 1116(a), TAMKO is entitled to an order enjoining RDI from using the METALWORKS Marks or any colorable imitations thereof.

45. Pursuant to 15 U.S.C. § 1117(a), TAMKO is entitled to recover all profits derived by RDI from its actions, all damages sustained by TAMKO caused by RDI, and the costs of the action.

46. The conduct of RDI alleged herein was intentional and without foundation in law. Pursuant to 15 U.S.C. § 1117(a), this Court should award TAMKO three times its actual damages.

47. The actions of RDI make this an exceptional case under 15 U.S.C. § 1117(a), and TAMKO is entitled to an award of attorneys' fees and costs.

## COUNT III
(Lanham Act - Dilution)

48. TAMKO incorporates the allegations contained in the preceding paragraphs as though here set forth in full.

49. The actions of RDI are likely to have caused, and will likely continue to cause, dilution by blurring and/or tarnishment of the famous and distinctive METALWORKS Marks.

50. The conduct of RDI alleged herein was intentional and without foundation in law.

51. Pursuant to 15 U.S.C. § 1116(a), TAMKO is entitled to an order enjoining RDI from using the METALWORKS Marks or any colorable imitations thereof.

52. Pursuant to 15 U.S.C. § 1117(a), TAMKO is entitled to recover all profits derived by RDI from its actions, all damages sustained by TAMKO caused by RDI, and the costs of the action.

53. Pursuant to 15 U.S.C. § 1117(a), this Court should award TAMKO three times its actual damages.

54. The actions of RDI actions make this an exceptional case under 15 U.S.C. § 1117(a), and TAMKO is entitled to an award of attorneys' fees and costs.

## COUNT IV
(Misappropriation)

55. TAMKO incorporates the allegations contained in the preceding paragraphs as though here set forth in full.

56. TAMKO is the owners of the valuable METALWORKS Marks and the goodwill associated therewith by virtue of its investment of substantial time, money and effort.

57. RDI has misappropriated TAMKO's foregoing intellectual property for its own use, without TAMKO's permission and with no compensation to TAMKO.

58. RDI has reaped the benefits of TAMKO's creativity and efforts without the same cost that TAMKO has incurred in developing the METALWORKS Marks.

59. TAMKO has been damaged and will continue to be damaged as a direct and proximate result of the misappropriation of RDI. TAMKO is therefore entitled to an award of actual damages.

60. The conduct of RDI is willful, malicious, and undertaken with deliberate disregard for TAMKO's rights. TAMKO is therefore entitled to an award of exemplary and punitive damages.

## COUNT V
(Unfair Competition and Common Law Trademark Infringement)

61. TAMKO incorporates the allegations contained in the preceding paragraphs as though here set forth in full.

62. TAMKO has displayed and used in good faith, and continue to display and use in good faith, the METALWORKS Marks and have otherwise made the METALWORKS Marks known to prospective purchasers in the ordinary nary course of business in a manner that associates the METALWORKS Marks with the goods, services, and business of TAMKO.

63. TAMKO's right title and interest in the METALWORKS Marks in Missouri predates the use by RDI of its use of the METALWORKS Marks and colorable imitations thereof in Missouri.

64. The acts of RDI constitute unfair competition and common law infringement of TAMKO's Marks.

65. TAMKO has been damaged and will continue to be damaged by the infringement of RDI. TAMKO is entitled to recover its damages as a result.

66. TAMKO is entitled to an injunction prohibiting RDI from continuing its unlawful acts.

## PRAYER FOR RELIEF

WHEREFORE, TAMKO prays that this Court enter judgment in its favor and against RDI as follow:

- (A) For preliminary and permanent injunctive relief to prevent and restrain RDI, and all persons acting in concert with RDI, from engaging in any further violation of TAMKO's rights;
- (B) For an award of all RDI's profits derived from its wrongful actions;
- (C) For an award of damages sustained as a result of RDI's wrongful actions;
- (D) For an award of three times the damages sustained by TAMKO;
- (E) For exemplary and punitive damages;
- (F) For an award of reasonable attorney's fees as determined by this Court;
- (G) For costs incurred;
- (H) For pre-judgment and post-judgment interest at the highest allowable rate; and
- (I) For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

s/ Patrick D. Kuehl, Jr.
William B. Kircher          MO #18743
Patrick D. Kuehl, Jr.       MO #52370
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000

Facsimile: (816) 983-8080
bill.kircher@huschblackwell.com
patrick.kuehl@huschblackwell.com

ATTORNEYS FOR PLAINTIFF
TAMKO BUILDING PRODUCTS, INC.